UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JASON LANIER HOWARD,

    Plaintiff,

    v.      CAUSE NO.: 3:23-CV-933-TLS-JPK

OLMSTEAD, et al.,

    Defendants.

**OPINION AND ORDER**

Jason Lanier Howard, a prisoner proceeding without a lawyer, filed an Amended Complaint under 42 U.S.C. § 1983. ECF No. 5. As required by 28 U.S.C. § 1915A, the Court must screen this pleading and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Plaintiff is proceeding without counsel, and therefore the Court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The Plaintiff is being detained at the St. Joseph County Jail. He claims the area where he is housed has "black mold" on the walls, air vents that are "clogged with dust, spiders, and flies," and "maggots" in one of the showers. He further claims he has been given "mildewed clothing" to wear. These conditions have allegedly caused him skin irritation, shortness of breath, and

other physical symptoms. He sues Warden Russell Olmstead, Lieutenant Finn (first name unknown), and the jail itself, seeking monetary damages.

In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry.[1] *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of prison staff leads to "the denial of the minimal civilized measure of life's necessities." *Id.* (citations omitted). Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to "humane conditions of confinement," which includes being given adequate clothing and shelter. *Thomas v. Blackard*, 2 F.4th 716, 719 (7th Cir. 2021).

On the subjective prong, the prisoner must allege that the defendant acted with deliberate indifference to his health or safety. *Farmer*, 511 U.S. at 834. "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (cleaned up). The deliberate indifference standard imposes a "high hurdle," requiring a showing "approaching total unconcern for the prisoner's welfare." *Rosario v. Brawn*, 670 F.3d 816, 821 (7th Cir. 2012) (quotation marks and citations omitted). "[N]egligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to state an Eighth Amendment claim. *Hildreth v. Butler*, 960 F.3d 420,

---

[1] Public records reflect that in October 2023, the Plaintiff pled guilty to unlawful possession of a weapon by a serious violent felon and was sentenced to serve two years in prison. *State v. Howard*, No. 71D03-2306-F4-000047 (St. Joseph Sup. Ct. closed Dec. 12, 2023). The Court is permitted to take judicial notice of public records at the pleading stage. *See* FED. R. EVID. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018). Because the Plaintiff has been convicted and sentenced, his rights arise under the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020).

425–26 (7th Cir. 2020). Instead, the inmate must allege "a culpability standard akin to criminal recklessness." *Thomas*, 2 F.4th at 722.

The Plaintiff alleges that he has been exposed to black mold, an excessive amount of dust and insects, and has been required to wear mildewed clothing. He claims the conditions are so severe that they have caused him physical symptoms. Giving him the inferences to which he is entitled at this stage, he has plausibly alleged that he is being denied constitutionally adequate conditions of confinement. *Id.*

On the subjective prong, the Plaintiff claims the Warden and Lieutenant Finn should be held liable because it is ultimately their job to make sure the jail is clean. There is no respondeat superior liability under 42 U.S.C. § 1983, however, and these officials cannot be held liable for damages solely because of their positions. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). The Court cannot plausibly infer from his general allegations that these individuals were personally aware of these conditions and deliberately turned a blind eye to them. The Plaintiff also sues the jail itself, but the jail is a physical structure, not a "person" who can be sued for constitutional violations. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012).

Although unclear, the Plaintiff may be trying to assert a claim against the Warden in his official capacity under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). Under *Monell*, municipal entities and policy makers cannot be held liable for the actions of their employees "unless those acts were carried out pursuant to an official custom or policy." *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008) (citations omitted). The purpose of this requirement is to "distinguish between the isolated wrongdoing of one or a few rogue

employees and other, more widespread practices." *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 654 (7th Cir. 2021).

There is insufficient factual content in the Amended Complaint from which the Court could plausibly infer that an official policy or custom caused the Plaintiff's injury. To the contrary, the Plaintiff alleges that there are policies in place to ensure that the jail is properly maintained, but they are not always being followed by staff, resulting in dirty conditions in certain areas. He has not plausibly alleged that an official policy or custom adopted by the Warden was the "moving force" behind his injury. *Dixon v. County of Cook*, 819 F.3d 343, 348 (7th Cir. 2016). To the extent he is claiming that jail policies are being violated, this cannot form the basis for a claim under 42 U.S.C. § 1983. *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) ("42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or . . . departmental regulations").

Therefore, the Plaintiff's Amended Complaint does not state a claim upon which relief can be granted. In the interest of justice, the Court will allow him an opportunity to file a second Amended Complaint if, after reviewing this Order, he believes he can state a constitutional claim, consistent with the allegations he has already made under penalty of perjury.[2] *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1024 (7th Cir. 2013).

For these reasons, the Court:

(1) GRANTS the Plaintiff until **January 16, 2024**, to file an Amended Complaint; and

---

[2] The Plaintiff was already given an opportunity to amend his Complaint once, as his original Complaint was unduly vague and contained other deficiencies. ECF Nos. 1, 4. In fairness, the Court will give him one additional opportunity to replead now that his claims have been analyzed in detail.

(2) **CAUTIONS** him that if he does not file an Amended Complaint by the deadline, this case is subject to dismissal without further notice pursuant to 28 U.S.C. § 1915A.

**SO ORDERED** on December 18, 2023.

                                  s/ Theresa L. Springmann
                                  JUDGE THERESA L. SPRINGMANN
                                  UNITED STATES DISTRICT COURT