UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JASON LANIER HOWARD,

    Plaintiff,

    v.      CAUSE NO. 3:23-CV-933-TLS-JPK

OLMSTEAD, et al.,

    Defendants.

**OPINION AND ORDER**

Jason Lanier Howard, a prisoner proceeding without a lawyer, filed an amended complaint under 42 U.S.C. § 1983. (ECF No. 14.) This is his fourth attempt to plead his claims. His original complaint was stricken as procedurally deficient and unduly vague. (ECF Nos. 1, 4.) He filed an amended complaint, but the Court determined that it was subject to dismissal under 28 U.S.C. § 1915A. (ECF No. 7.) The Court afforded him an opportunity to replead before the case was dismissed. (*Id.*) He did so, but this pleading was also stricken as procedurally deficient. (ECF No. 12.) He was given one final opportunity to plead his claims, and he responded with the present complaint.

As required by 28 U.S.C. § 1915A, the Court must screen this pleading and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009). Mr. Howard is proceeding without counsel, and therefore the Court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Howard's amended complaint is somewhat difficult to follow, but it is evident that he is complaining about the conditions at the St. Joseph County Jail. ECF No. 14 at 3–7. Giving his pleading liberal construction, he alleges that the jail is excessively dirty and unsanitary due to the presence of dust, mold, gnats, and other insects. *Id.* at 3. He claims inmates are not given adequate cleaning supplies to address these issues and have to use their own towels to clean tables and other common areas. *Id.* He claims he has been given "mildewed" clothing and his blankets are only replaced monthly. *Id.* Due to these conditions he claims to have suffered skin irritation, difficulty breathing, an increase in his blood pressure, and other symptoms. *Id.* at 5.

Although Mr. Howard is being held at a jail, public records reflect that he was convicted of a criminal offense in December 2023.[1] *State v. Howard*, No. 71D03-2306-F4-000047 (St. Joseph Sup. Ct. closed Dec. 12, 2023). He indicates that the events he describes occurred while he was confined awaiting trial (ECF No. 14 at 7), and so it appears he is suing over the period he spent as a pretrial detainee at the jail between July 2023 and December 2023. Such claims must be analyzed under the Fourteenth Amendment. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018).

"Pre-trial detainees cannot enjoy the full range of freedoms of unincarcerated persons." *Tucker v. Randall*, 948 F.2d 388, 390–91 (7th Cir. 1991) (citation omitted). However, the "Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that amount to punishment." *Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir.

---

[1] The Court is permitted to take judicial notice of public records at the pleading stage. Fed. R. Evid. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018).

2017) (cleaned up). They must be provided with "reasonably adequate ventilation, sanitation, bedding, hygienic materials, and utilities." *Hardeman v. Curran*, 933 F.3d 816, 820 (7th Cir. 2019). A pretrial detainee states a Fourteenth Amendment claim by alleging that (1) the defendant "acted purposefully, knowingly, or perhaps even recklessly," and (2) the defendant's conduct was "objectively unreasonable." *Miranda*, 900 F.3d at 353–54. In determining whether a challenged action is objectively unreasonable, courts must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). "[N]egligent conduct does not offend the Due Process Clause," and allegations of negligence, even gross negligence, do not state a Fourteenth Amendment claim. *Miranda*, 900 F.3d at 353.

Giving Mr. Howard the inferences to which he is entitled, he has plausibly alleged that he was denied constitutionally adequate living conditions at the jail. He also plausibly alleges that Warden Russell Olmstead and Lieutenant Finn (first name unknown) were well aware of these conditions, through multiple letters and grievances he sent them, in addition to the fact that the conditions were readily observable to anyone present at the jail. He has alleged enough to proceed further against these defendants on a claim for damages.

He further alleges that the jail is "unsafe" because there are delayed responses by staff when inmates push the emergency call buttons in their cells, and "high risk inmates" charged with serious offenses are housed with inmates charged with minor, non-violent offenses.

Detainees are entitled to protection "from physical harm inflicted by others in the institution." *Kemp v. Fulton County*, 27 F.4th 491, 494 (7th Cir. 2022). "[T]o state a viable failure-to-protect claim under the Fourteenth Amendment, a pretrial detainee must allege: (1) the defendant made an intentional decision regarding the conditions of the plaintiff's confinement; (2) those conditions put the plaintiff at substantial risk of suffering serious harm; (3) the

3

defendant did not take reasonable available measures to abate the risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved, making the consequences of the defendant's inaction obvious; and (4) the defendant, by not taking such measures, caused the plaintiff's injuries." *Thomas v. Dart*, 39 F.4th 835, 841 (7th Cir. 2022).

Aside from mentioning the above issues, Mr. Howard does not explain how they impacted him personally or describe any incident in which he was injured by another inmate.[2] The Court cannot plausibly infer from his minimal and conclusory allegations that the Defendants failed to take reasonable steps to abate a condition posing a high degree of risk to him, thereby causing him injury. *See Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (observing that "putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened . . . that *might* be redressed by the law" is not enough to state a claim under federal pleading standards).

He also mentions issues with his medical care, claiming that his medications were "tampered with" in any unspecified way and he was given a medication that caused him "horrible nightmares." Detainees are entitled to adequate medical care under the Fourteenth Amendment. *Miranda*, 900 F.3d at 353–54. To state a claim for the denial of this right, a detainee must allege: "(1) there was an objectively serious medical need; (2) the defendant committed a volitional act concerning the [plaintiff's] medical need; (3) that act was objectively unreasonable under the circumstances in terms of responding to the [plaintiff's]s medical need; and (4) the defendant act[ed] purposefully, knowingly, or perhaps even recklessly with respect to

---

[2] It can be discerned from public records that Mr. Howard was himself awaiting trial on a serious charge; in December 2023 he was convicted of unlawful possession of a firearm by a serious violent felon. *Howard*, No. 71D03-2306-F4-000047 (docket entry Dec. 12, 2023).

the risk of harm." *Gonzalez v. McHenry Cnty., Illinois*, 40 F.4th 824, 828 (7th Cir. 2022) (citation and internal quotation marks omitted).

Mr. Howard again provides only minimal allegations about this issue. He does not name any medical provider as a defendant or explain in any detail what happened with respect to his medications. Although he mentions having a problem with his blood pressure, it is not clear from his allegations whether the medications he is referring to were for this condition or some other medical issue. The Court cannot plausibly infer from the limited information he has provided that he had an objectively serious medical need or that the defendants, who are high-ranking jail officials and not medical staff, committed a volitional act concerning his medical care that was objectively unreasonable under the circumstances.

## CONCLUSION

For these reasons, the Court:

(1) GRANTS the Plaintiff leave to proceed against Warden Russell Olmstead and Lieutenant Finn (first name unknown) in their personal capacity for money damages for failing to provide him with reasonably adequate sanitation, ventilation, and clothing in violation of the Fourteenth Amendment between July 2023 and December 2023;

(2) DISMISSES all other claims;

(3) DIRECTS the Clerk of Court to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Warden Russell Olmstead and Lieutenant Finn (first name unknown) at the St. Joseph County Jail and to send them a copy of this order and the amended complaint (ECF 14 No.) pursuant to 28 U.S.C. § 1915(d);

   (4) ORDERS the St. Joseph County Sheriff's Office to provide the United States Marshal Service with the full name, date of birth, and last known home address of any Defendant who does not waive service, to the extent this information is available; and

   (5) ORDERS Warden Russell Olmstead and Lieutenant Finn to respond, as provided in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

   SO ORDERED on April 18, 2024.

                s/ Theresa L. Springmann
                JUDGE THERESA L. SPRINGMANN
                UNITED STATES DISTRICT COURT